**Horacio Ramos MIRANDA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 79–7370.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1980.

Decided April 8, 1982.

---

Jack T. Price, Los Angeles, Cal., for petitioner.

Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before PREGERSON and NELSON, Circuit Judges, and WILKINS *, District Judge.

PER CURIAM:

This case is before us on remand from the Supreme Court. *INS v. Miranda*, —— U.S. ——, 102 S.Ct. 81, 70 L.Ed.2d 77 (1981). The Court vacated our earlier opinion, *Miranda v. INS*, 638 F.2d 83 (9th Cir. 1980), and remanded for further consideration in light of *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).

Miranda petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal of a deportation order and denial of his application for adjustment of status or for voluntary departure. Miranda argues that the Immigration and Naturalization Service (INS) should be estopped from denying him permanent resident status because of its eighteen-month delay in processing an immediate-relative visa petition filed by Miranda's then wife on his behalf. The BIA found no evidence of "affirmative misconduct" by the INS. In our original opinion, we reversed that finding and applied estoppel against the INS. Having reconsidered the matter of light of *Schweiker v. Hansen, supra*, we now adhere to that conclusion.

The *Hansen* decision was one in which the Supreme Court refused to apply estoppel against the government. In summarily reversing a decision of the Second Circuit, the Court, without prescribing any general rule, held that estoppel was not justified on

---

5. The dissenting Board member notes that he would affirm the ALJ's finding of timely notice.

* Honorable Philip C. Wilkins, Chief United States District Judge for the Eastern District of California, sitting by designation.

the facts of the case.[1] The Court noted that in *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 385, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947), it had stated that courts have a duty to "observe the conditions defined by Congress for charging the public treasury," and that a line of lower court decisions had acknowledged that duty by "refusing to estop the government where an eligible applicant had lost Social Security benefits because of possibly erroneous replies to oral inquiries." 450 U.S. at 788, 101 S.Ct. at 1470. *Hansen*, the Court said, fit into that line of decisions. *Id.*

In the instant case, by contrast, petitioner is not seeking benefit payments out of the public fisc. He is asking to be allowed to become a permanent resident, which entails no direct burden on public funds. Moreover, the *Hansen* Court noted that there had been no finding of "affirmative misconduct" by government agents. 450 U.S. at 788–89, 101 S.Ct. at 1470–71. Here, on the other hand, our original opinion rested precisely on such a finding, 638 F.2d at 84, which we reiterate here: the unexplained failure of the INS to act on the visa petition for an eighteen-month period (after which Miranda's marriage broke up and the former Mrs. Miranda withdrew her visa petition) constitutes affirmative misconduct by the INS. *See Sun Il Yoo v. INS*, 534 F.2d 1325 (9th Cir. 1976) (INS's unjustified one-year delay in processing visa preference application estopped INS from denying benefit of labor pre-certification).

Finally, the *Hansen* Court observed that the official misconduct there had not caused respondent to act or fail to act in a manner "that [she] could not correct at any time." 450 U.S. at 789, 101 S.Ct. at 1471. In the instant case, however, the INS misconduct *did* inflict irrevocable damage on petitioner.

Given these significant distinctions between *Hansen* and the present case, we respectfully conclude that the Supreme Court's conclusion that the government was not estopped in *Hansen* neither compels nor suggests the same conclusion here. Accordingly, this matter will be remanded for consideration of Miranda's application for permanent resident status under the same circumstances that would have existed had the INS acted within a reasonable time after receiving the visa petition.

REVERSED and REMANDED.

---

1. *Hansen* involved a claimant who had received misinformation from a Social Security Administration field representative and had consequently failed to apply for benefits for which she was otherwise eligible. The Second Circuit held that the misinformation, conjoined with the field representative's violation of internal agency regulations, estopped the government from denying the claimant benefits for the period during which she was otherwise eligible. The Supreme Court reversed this holding.